IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TARANEIKA BRADY,<br><br>   Plaintiff,<br><br>v.<br><br>DANNY ANDREA SAVAGE, DDR SOLUTIONS, INC., 3 STAR TRANSPORT, INC. and BERKLEY CASUALTY COMPANY,<br><br>   Defendants. | Civil Action File No: |

## DEFENDANTS' NOTICE OF REMOVAL

COME NOW Defendants DANNY ANDREA SAVAGE ("Savage"), DDR SOLUTIONS, INC. ("DDR"), 3 STAR TRANSPORT, INC. ("3 Star"), and BERKLEY CASUALTY COMPANY ("Berkley") (collectively, "Defendants"), named Defendants in the above-styled civil action, and, by and through their undersigned counsel and with the consent of all Defendants, petition this Court for removal of the action herein from the State Court of Gwinnett County to the United States District Court for the Northern District of Georgia, Atlanta Division, respectfully showing this Court as follows:

I.    THE STATE COURT ACTION

1.

On June 14, 2022, Plaintiff Taraneika Brady filed her personal injury Complaint for Damages ("Complaint") in the State Court of Gwinnett County, Georgia, thereby initiating a civil action styled as follows: *Taraneika Brady v. Danny Andrea Savage, DDR Solutions, Inc., 3 Star Transport, Inc., and Berkley Casualty Company*; Civil Action File No. 22-C-03273-S6 (the "State Court Action"). (True and correct copies of all process and pleadings obtained by counsel for Defendants from the State Court in connection with the State Court Action are attached hereto and incorporated herein as Exhibit "A"). Defendants are filing their Answer to Plaintiff's Complaint contemporaneously herewith, within the time permitted under Federal Rule of Civil Procedure 81(c).

2.

The incident that forms the basis of Plaintiff's Complaint filed in the State Court Action occurred in Gwinnett County, Georgia on July 21, 2021. (*See* Ex. A, Complaint, ¶¶ 6-7).

## II. SERVICE OF PROCESS ON DEFENDANTS

3.

Defendant Berkley, a foreign insurance company, was served with a copy of Plaintiff's Summons and Complaint through its Gwinnett County, Georgia Registered Agent, CT Corporation System, on July 14, 2022, and an Affidavit of Service reflecting such service was filed by Plaintiff's counsel with the State Court the following day. (*See* Ex. A at July 15, 2022 Affidavit of Service).

4.

On July 9, 2022, Plaintiff's counsel filed a Certificate of Acknowledgment issued by the Georgia Secretary of State's Office in the State Court Action, which states that service of process on Defendant Savage, an individual Florida resident, was being made pursuant to O.C.G.A. § 40-12-2 (*i.e.*, Georgia's Nonresident Motorist Act). (*See* Ex. A, at July 9, 2022 Certificate of Acknowledgment).

5.

Plaintiff's counsel's Affidavit of Compliance for Service of Process upon a Non-Resident Motorist attached to the July 9th Certificate of Acknowledgement states that Plaintiff's counsel (1) forwarded by statutory overnight mail a copy of the Summons, Complaint, and discovery requests to Defendant Savage at 1335 Cedar Street, Jacksonville, FL 32207; and (2) "shall file" an additional Affidavit of

Compliance with the State Court containing a return receipt showing actual service on Defendant Savage. (*Id.*)

6.

To date, no Affidavit of Compliance or any other pleading has been filed in the State Court Action reflecting valid or effectuated service on Defendant Savage in the State of Florida. *See Stone v. Sinkfield*, 70 Ga. App. 787, 789-90 (1944) (service on a non-resident motorist via the Secretary of State is incomplete absent an Affidavit of Compliance filed along with a copy of the return receipt showing service on such non-resident motorist).

7.

Similarly, service of process has not yet been effectuated upon either Defendant 3 Star or Defendant DDS (both of which are foreign corporations, as outlined below), and no Affidavit of Service, Affidavit of Compliance, or any other pleading reflecting proper and valid service on either of these foreign corporate Defendants has been filed by Plaintiff's counsel in the State Court Action. (*See* Ex. A).

8.

Because these Defendants are filing this Notice of Removal with this Court within thirty (30) days of service on Defendant Berkley[1], the Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b). *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202 (11th Cir. 2008).

### III.   DIVERSITY OF THE PARTIES

9.

Plaintiff is an individual resident of the State of Georgia and, upon information and belief, resides within the Northern District of Georgia. (*See* Ex. A, Complaint, ¶ 5).

10.

Defendant Savage is an individual resident of the State of Florida. (*See* Ex. A, Complaint, ¶ 1).

11.

Defendant DDR is a foreign corporation organized and existing under the laws of the State of Illinois, maintains its principal office at 905 8th Avenue, Apt. #4, La Grange, Illinois 60525, and can be served with process through Dejan

---

[1] While Defendant Berkley's Answer was technically due on Saturday, August 13, 2022 (which date is 30 days from the date that Berkley was served through its registered agent), Defendant Berkley's answer and removal deadline were extended through Monday, August 15, 2022 pursuant to Fed. R. Civ. P. 6(a).

Rankovic, its registered agent, at the foregoing La Grange, Illinois address. (*See* a true and correct copy of Defendant DDR's 2022 Certificate of Good Standing obtained from the Illinois Secretary of State attached hereto and made a part hereof as Exhibit "B"). Accordingly, Defendant DDR is a resident of the State of Illinois. 28 U.S.C. § 1332(c)(1).

12.

Defendant 3 Star is a foreign corporation organized and existing under the laws of the State of Illinois, maintains its principal office at 1030 S. La Grange Road, Suite 11, La Grange, Illinois 60525, and can be served through Dejan Rankovic, its registered agent, at the foregoing La Grange, Illinois address. (*See* a true and correct copy of Defendant 3 Star's 2022 Illinois Certificate of Good Standing and Defendant 3 Star's Federal Motor Carrier Safety Administration Motor Carrier Details and Registration Information attached hereto and made a part hereof as Exhibits "C" and "D," respectively). Thus, Defendant 3 Star is a resident of the State of Illinois. 28 U.S.C. § 1332(c)(1).

13.

Because Plaintiff is diverse from all Defendants, complete diversity exists for purposes of satisfying § 1332(a). *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (all plaintiffs must be diverse from all defendants for diversity

jurisdiction); *see also Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994) ("Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant.").

## IV.     AMOUNT IN CONTROVERSY

14.

This personal injury action arises out of a July 21, 2021 motor vehicle collision involving a tractor-trailer operated by Defendant Savage and a Nissan Maxima operated by Plaintiff. (*See* Ex. A, Complaint, ¶¶ 9 and 21).

### *Plaintiff's Complaint*

15.

Plaintiff alleges in her Complaint that (a) both her and Defendant Savage were stopped at a red light in the right-hand turn lane on the I-85 North exit ramp for Lawrenceville Suwanee Road in Suwanee, Georgia, and (b) as both were attempting to turn right (after the light turned green), Defendant Savage turned "the trailer too sharply, causing the trailer" to enter her lane of travel and "smash" into her front driver's side bumper, resulting in "disabling damage" to her vehicle. (*See* Ex. A, Complaint, ¶¶ 6-9).

16.

Plaintiff asserts that (a) Defendant Savage was negligent/negligent per se in (i) driving the tractor-trailer at a speed greater than reasonable while failing to have any regard for actual and potential hazards, (ii) failing to keep a proper lookout, (iii) failing to maintain his lane, (iv) improperly changing lanes, (v) failing to exercise ordinary care in operating the tractor-trailer, and (vi) driving recklessly without due regard for the safety or other persons and property; (b) Defendants DDR and/or 3 Star (i) were negligent in hiring, training, and supervising Defendant Savage, and (ii) are vicariously liable for Savage's purported conduct; and (c) Defendants' acts or omissions proximately caused the subject collision and Plaintiff's allegedly resulting injuries and damages. (*See* Ex. A, Complaint, ¶¶ 11 – 31).

17.

As a result of Defendants' alleged acts or omissions, Plaintiff claims that she (a) "sustained **serious and permanent physical and emotional injuries** and damages" **that will continue "into the future**[,] . . . including but not limited to a flattening of the normal cervical lordosis and **[cervical] disc herniations** . . . [;]" (b) incurred special damages (and will continue to incur special damages), including but not limited to "medical expenses and lost wages, past, present and

future, in amounts to be proven by the evidence at trial **but not less than $22,215.00 in medical bills**[;]" and (c) **suffered "physical and mental pain and suffering,** past, present and future, in an amount to be determined by the evidence at the trial of this case." (*See* Ex. A, Complaint, ¶¶ 15; 19 – 22; 37 - 39) (emphasis added).

18.

In addition to seeking general, special, and/or compensatory damages from Defendants, Plaintiff also seeks to recover (a) **punitive damages** pursuant to O.C.G.A. § 51-12-5.1 due **to Defendants' purported reckless, willful, and wanton conduct** which "evinced a conscious indifference to the consequences of their actions[;]" and (b) **attorneys' fees and expenses of litigation** pursuant to O.C.G.A. § 13-6-11 due to Defendants' alleged (i) "bad faith with respect to the transaction and dealings surrounding the July 21, 2021 collision" at issue, (ii) failure "to make any good faith effort to mitigate Plaintiff's damages incurred as a direct and proximate result of Defendants' negligence[;]" and (iii) stubborn litigiousness and/or causing Plaintiff to unnecessary trouble and expense. (Ex. A, Complaint, ¶¶ 41 and 43).

*Plaintiff's Pre-Suit Correspondence*

19.

Plaintiff's counsel sent pre-suit correspondence regarding the subject collision, in which her counsel alleged that (a) "**LIABILITY IN THIS CASE IS CLEAR,**" and, (b) in addition to making it so that her "life will **never be the same**," the collision:

- Caused Plaintiff's **head and body to be "violently flung in all directions,"** resulting in **immediate and "severe pain in her head, neck, back, and forearm[;]"**

- Caused Plaintiff to **suffer "injuries to her head, neck, back, and forearm[;]"**

- **Turned Plaintiff's life "upside down;"**

- Resulted in **ongoing neck and back pain** that limits Plaintiff's ability to sit or walk for long periods of time, spend time with her loved ones, and participate in hobbies; and

- Caused Plaintiff to incur special damages totaling at least $24,986.38 ($21,215 in past medical expenses, $1,271.38 in rental car expenses, and $1,500 to compensate her for loss of use of her vehicle).

(*See* a true and correct copy of the Declaration of Melody C. Kiella, Esq. attached hereto and made a part hereof as Exhibit "E" at ¶¶ 4-5)

20.

According to the pre-suit correspondence and the records attached thereto, Plaintiff sought treatment from Dr. Patel of Thrive Medical Partners due to continuing and worsening neck pain radiating into her upper extremities (including from her forearm to her bilateral hands and fingers, with associated numbness and tingling), mid-back pain and headaches associated with blurry vision and dizziness following the collision, which treatment included (a) prescribing numerous medications designed to assist with her alleged injuries and pain, (b) ordering and taking MRIs of her cervical and thoracic spine, (c) recommending and administering at least one cervical epidural steroid injection, (d) indicating the possible need for future thoracic spine trigger point injections, and (e) (d) referring her to a neurologist to assess her for post-concussion syndrome, along with physical therapy, which she participated in. (*See* Ex. E, ¶ 6).

21.

Plaintiff was also treated by neurologists in connection with her **"daily headaches,"** which headaches she alleged **began due to the collision causing "her to violently go from side to side and front to back**." (*See* Ex. E, ¶ 7).

22.

Further, as outlined in the pre-suit correspondence and the records attached thereto, Plaintiff either complained of or was diagnosed with the following as a result of the collision:

- Acute neck and mid-back pain due to trauma;
- Daily headaches associated with a pressure and pounding sensation, pain in her eyes and ears, and sensitivity to light and sound;
- Confusion, "word-finding difficulties in conversations," and memory and concentration difficulties;
- Muscle pain;
- Muscle spasms of the back;
- Signs and symptoms associates with whiplash;
- Tingling sensations and numbness extending into her forearms and bilateral hands;
- Neck and back pain limiting her ability to carry out activities of daily living;
- Persistent and ongoing neck pain with radiation into her upper extremities;

- Chronic post-traumatic headaches;
- Cervical spinal stenosis;
- Flattening of the normal cervical lordosis reflecting possible acute soft tissue injuries;
- Disc herniations at C3-4 and C4-5 likely caused or aggravated by the collision;
- Mild facet arthropathy at C2-3, C3-4, and C4-5;
- A hemangioma at T6.; and
- Anxiety, depression, mood swings, nervousness, and sleeping difficulties.

(*See* Ex. E, ¶ 8).

23.

Based on the foregoing allegations and claimed special damages totaling at least $24,986.38 ($21,215 in past medical expenses, $1,271.38 in rental car expenses, and $1,500 to compensate her for loss of use of her vehicle), Plaintiff offered to settle her claims against Defendants in exchange for, among other things, a payment in an amount that **far exceeds** the jurisdictional requirement of $75,000.00. (*See* Ex. E, ¶ 9).

### *Amount in Controversy in this Action*

24.

To determine whether the jurisdictional threshold of $75,000.00 is met, the Court must assume the Plaintiff will "prevail" on all claims, and then assess whether "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [$75,000.00]." *Burns v. Windsor, Inc.*, 31 F.3d 1092, 1096 (11th Cir. 1994); *St. Paul Indemnity Co. v. Cab Co.*, 303 U.S. 283, 288 (1937). Further, "[w]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). As stated recently in an Eleventh Circuit decision:

> [D]istrict courts may make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. Courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.
>
> **Complaints alleging serious, lasting physical injuries are typically removable because it is facially apparent that these claims are worth more than $75,000**. *See, e.g., Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000) (concluding that plaintiff's unspecified damages, including permanent disfigurement as well as

pain and suffering, satisfied the "facially apparent" inquiry).

*Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 F. App'x 880, 883 (11th Cir. 2020) (citations and punctuation omitted) (emphasis added). Additionally, it is well settled that an open-ended claim for punitive damages **must be considered** in any calculation of the amount in controversy. *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

25.

Based on the foregoing and if it is assumed (as required) that Plaintiff will succeed on all of her claims asserted against Defendants in this action (including, but not limited to, her reckless driving and negligence claims; her open-ended claim for general damages to compensate her for past, present and future physical and emotional pain and suffering; her open-ended claim for future medical expenses and past, present and future lost wages; and her open-ended punitive damages and attorneys' fees and expenses claims), it is facially apparent from Plaintiff's Complaint that the matter in controversy has a value, exclusive of interests and costs, in excess of $75,000.00. (*See* Ex. E, ¶ 10).

## REMOVAL BASED ON DIVERSITY JURISDICTION IS PROPER IN THIS CASE

26.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441 because (i) complete diversity exists between the named parties to this action, and (ii) the amount in controversy exceeds $75,000.00.

27.

By service of a copy of this Notice of Removal, as evidenced by the Certificate of Service attached hereto, Defendants hereby give notice of such removal to Plaintiff as required by 28 U.S.C. § 1446.

28.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Gwinnett County, Georgia, as required by 28 U.S.C. § 1446(d).

29.

Nothing stated herein shall be deemed an admission by any Defendant as to liability, causation, and/or damages owed to Plaintiff.

WHEREFORE, Defendants pray that (a) the above-captioned lawsuit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division, (b) this Court take cognizance and jurisdiction over this action

from the State Court of Gwinnett County, Georgia, and (c) this action proceed as removed and under this Court's jurisdiction pursuant to 28 U.S.C. § 1332.

The undersigned has read this Notice of Removal and, to the best of her knowledge, information, and belief, formed after reasonable inquiry, has determined it is well-grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Submitted this 15th day of August, 2022.

                                **MCANGUS GOUDELOCK & COURIE, LLC**

Post Office Box 57365　　　　　　　　/s/*Melody C. Kiella*
270 Peachtree Street, NW, Suite 1800　Melody C. Kiella
Atlanta, Georgia 30303　　　　　　　　Georgia Bar No. 206275
(678) 510-1526
Melody.kiella@mgclaw.com

                                *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TARANEIKA BRADY,<br><br>    Plaintiff,<br><br>v.<br><br>DANNY ANDREA SAVAGE, DDR SOLUTIONS, INC., 3 STAR TRANSPORT, INC. and BERKLEY CASUALTY COMPANY,<br><br>    Defendants. | Civil Action File No: |

## **CERTIFICATE OF SERVICE**

This is to certify that the undersigned has served a true and correct copy of the foregoing document upon Plaintiff via electronic filing addressed as follows:

Philip W. Lorenz, Esq.
J. Martin Futrell, Esq.
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street, NE
Suite 4010
Atlanta, GA 30308

I further certify that the foregoing has been prepared with Times New Roman, 14 point font, in compliance with L.R. 5.1(b).

Page 18 of 19

This 15th day of August, 2022.

                                      **MCANGUS GOUDELOCK & COURIE, LLC**

| | |
|---|---|
| Post Office Box 57365 | /*s/Melody C. Kiella* |
| 270 Peachtree Street, NW, Suite 1800 (30303) | Melody C. Kiella |
| Atlanta, Georgia 30343 | Georgia Bar No. 206275 |
| (678) 510-1526 | |
| Melody.kiella@mgclaw.com | *Attorneys for Defendants* |