E-FILED IN OFFICE - CL
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-03273-S6
7/9/2022 3:53 PM
Control Number - SC1-71PT-8903
TIANA P. GARNER, CLERK

# EXHIBIT A

# STATE OF GEORGIA

## Secretary of State

### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Danny Andrea Savage**

have been filed with the Secretary of State on 07/08/2022 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Taraneika Brady v. Danny Andrea Savage
Court: State Court of Gwinnett County
Civil Action No.: 22C03273

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 07/09/2022.



*Brad Raffensperger*

Brad Raffensperger
Secretary of State

**SERVICE OF PROCESS**

*Electronically Filed*
Secretary of State
Filing Date: 7/8/2022 4:59:50 PM

## FILING INFORMATION

Filing Type                                         : Service of Process

Control Number                                   : SOP-22148002

## DEFENDANT INFORMATION

The name of the business entity or individual (the "defendant") for which the Secretary of State is being served as statutory agent is as follows:

Defendant Type                                   : Individual

Defendant's Name                               : Danny Andrea Savage

Defendant's Address Where Service
Attempted and/or Forwarded              : 1335 Cedar Street, Jacksonvile, FL, 32207, USA

## STATUTORY AUTHORITY

Service is being made on the Secretary of State pursuant to the following O.C.G.A. section:

O.C.G.A. § 40-12-2

## CASE INFORMATION

The service of process filing relates to the following proceeding:

Name of Plaintiff                                 : Taraneika Brady

Style of Proceeding                             : Taraneika Brady v. Danny Andrea Savage, et al.

Civil Action Number                           : 22C03273

Court                                                    : State Court of Gwinnett County

## SERVICE OF PROCESS DOCUMENTS

See attached document(s).

## FILER's INFORMATION

Filer Type                                            : Individual

Name                                                   : Jodi Pruitt

Address                                                : Bank of America Plaza, Atlanta, GA, 30308, USA

## AUTHORIZER INFORMATION

Authorizer Name                                 : Jodi Pruitt

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **TARANEIKA BRADY,** | |
| **Plaintiff,** | **CIVIL ACTION** |
| **v.** | **FILE NO. 22-C-03273-S6** |
| **DANNY ANDREA SAVAGE;** | |
| **DDR SOLUTIONS, INC.;** | |
| **3 STAR TRANSPORT, INC.; and** | |
| **BERKLEY CASUALTY COMPANY,** | |
| **Defendants.** | |

---

### PLAINTIFF'S ATTORNEY AFFIDAVIT OF COMPLIANCE FOR SERVICE OF PROCESS UPON A NON-RESIDENT MOTORIST

1.

I, Phil W. Lorenz, am the attorney who represents the Plaintiff in the above-styled case.

2.

I hereby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by statutory overnight mail Notice of Service of the above-styled case along with a copy of the Summons; Complaint; and Plaintiff's First Interrogatories, First Request for Production of Documents, and First Request for Admissions to Defendant Danny Andrea Savage for the Office of the Secretary of State to Defendant Danny Andrea Savage at the following address:

Danny Andrea Savage
1335 Cedar Street
Jacksonville, FL 32207

3.

I further certify that I SHALL FILE WITH THE APPROPRIATE COURT appended to the documents, regarding this case: (1) any return receipt received as evidence of service upon Defendant Danny Andrea Savage by the Plaintiff and (2) this Plaintiff's Affidavit of Compliance.

FURTHER AFFIANT SAYETH NOT.

This 8th day of July, 2022.

Respectfully submitted,

**WLG ATLANTA, LLC**

PHILIP W. LORENZ
Georgia Bar No. 458001
J. MARTIN FUTRELL
Georgia Bar No. 450872

Bank of America Plaza
600 Peachtree St, NE, Suite 4010
Atlanta, GA 30308
(p)     470-881-8804
(f)     470-881-8819
(e)     Philip.Lorenz@witheritelaw.com

Subscribed and sworn to before me

this 8TH day of JULY, 2022.

Notary Public

My Commission Expires: 7.12.23

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-03273-S6**

**6/14/2022 2:17 PM**

**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY

# STATE OF GEORGIA

_____

_____

_____

              **PLAINTIFF**

**22-C-03273-S6**

CIVIL ACTION
NUMBER:_____

VS.

_____

_____

_____

              **DEFENDANT**

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This _____ day of _____,   20_____.**

                                                **Tiana P. Garner**
                                                **Clerk of State Court**

**By**_____

                                         **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-03273-S6**

**6/14/2022 2:17 PM**

**TIANA P. GARNER, CLERK**

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☐ **State Court of** _____ **County**

| **For Clerk Use Only** | |
| --- | --- |
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | 22-C-03273-S6 |

**Plaintiff(s)**                                                        **Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |   | Last | First | Middle I. | Suffix | Prefix |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Last | First | Middle I. | Suffix | Prefix |   | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |   | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |   | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** _____   **Bar Number** _____   **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**

- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                                      **Case Number**

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                                        **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-03273-S6**

**6/14/2022 2:17 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**TARANEIKA BRADY,**

     Plaintiff,

v.

**DANNY ANDREA SAVAGE;**
**DDR SOLUTIONS, INC.;**
**3 STAR TRANSPORT, INC.; and**
**BERKLEY CASUALTY COMPANY,**

     Defendant(s).

**CIVIL ACTION**
**FILE NO.:**  22-C-03273-S6

**JURY TRIAL REQUESTED**

---

### COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Taraneika Brady, by and through the undersigned counsel of record, and files this Complaint for Damages, showing this Court as follows:

#### PARTIES, JURISDICTION & VENUE

1.

Defendant Danny Andrea Savage ("Savage") is a citizen of the State of Florida who resides at 1335 Cedar Street, Jacksonville, Florida 32207. Defendant Savage is subject to the jurisdiction of the Court pursuant to O.C.G.A. § 40-12-1, *et seq*., and may be served with process by serving the Georgia Secretary of State in the manner prescribed in O.C.G.A. § 40-1-2.

2.

Defendant DDR Solutions, Inc. ("DDR Solutions") is a foreign, for-profit corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 905 8th Avenue, Apt #4, La Grange Park, Illinois 60525. Defendant DDR Solutions may be served with process in the manner prescribed by O.C.G.A. §§ 14-2-504(b) and 14-2-1510(b) by serving a copy of the summons and complaint upon Defendant DDR Solutions' President and

registered agent for service of process, Dejan Rankovic, at 905 8th Avenue, Apt #4, La Grange Park, Illinois 60525 by registered or certified or statutory overnight delivery, return receipt requested.

3.

Defendant 3 Star Transport, Inc. ("3 Star Transport") is a foreign, for-profit corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 1030 South La Grange Road, Suite 11, La Grange, IL 60525-2800. Defendant 3 Star Transport may be served with process in the manner prescribed by O.C.G.A. §§ 14-2-504(b) and 14-2-1510(b) by serving a copy of the summons and complaint upon Defendant 3 Star Transport, Inc.'s President and registered agent for service of process, Dejan Rankovic, at 1030 South La Grange Road, Suite 11, La Grange Park, Illinois 60525 by registered or certified or statutory overnight delivery, return receipt requested.

4.

Upon information and belief, Defendant Berkley Casualty Company ("Berkley Casualty") is a foreign insurance company with its principal place of business in a state other than the State of Georgia and upon information and belief is authorized to transact business in the State of Georgia at the time of the July 21, 2021, collision that forms the basis for the instant action. Defendant Berkley Casualty does not maintain a registered agent for service of process within the State of Georgia, nor has it appointed a person who is a resident of the State of Georgia to receive service of process and can be served with process by serving the Commissioner of Insurance, State of Georgia.

5.

Plaintiff Taraneika Brady ("Brady") is a citizen of the State of Georgia and voluntarily submits herself to the jurisdiction of this Court.

FACTUAL ALLEGATIONS

6.

On or about July 21, 2021, at approximately 9:46 AM, Plaintiff Brady was stopped at the red light at the bottom of the I85 northbound exit ramp and Lawrenceville Suwanee Road in the City of Suwanee, Georgia in her 2016 Nissan Maxima waiting to turn right.

7.

At the same time, Defendant Savage was also stopped at the red light at the bottom of the I85 northbound exit ramp and Lawrenceville Suwanee Road in the City of Suwanee, Georgia in a 2016 Volvo semi-tractor trailer owned by Defendant DRR Solutions also waiting to turn right on to Lawrenceville Suwanee Road.

8.

The light turned green, and both Plaintiff and Defendant Savage began turning right onto Lawrenceville Suwanee Road.

9.

Defendant Savage turned the Volvo semi-tractor trailer too sharply, causing the trailer to come into Plaintiff's lane of travel and smashed into the front driver's side of Plaintiff's 2016 Nissan Maxima, which sustained disabling damage and had to be towed from the scene of the collision.

10.

The July 21, 2021, collision was reported to the police pursuant to O.C.G.A. § 40-6-273.

11.

In addition to improperly turning right, Defendant Savage was negligent by driving Defendant DDR Solutions' Volvo semi-tractor trailer at a speed greater than is reasonable and prudent under the conditions and failing to have regard for the actual and potential hazards then existing at the I85 north exit ramp and Lawrenceville Suwanee Road in violation of O.C.G.A. § 40-6-180.

3

12.

Defendant Savage was also negligent by failing to exercise due care while operating the Volvo semi-tractor trailer on the highways of this state by driving while not keeping his attention on the roadway ahead of him in violation of O.C.G.A. § 40-6-241.

13.

Defendant Savage was further negligent by driving Defendant DDR Solutions' Volvo semi-tractor trailer recklessly without due regard for the safety of persons and property in the immediate vicinity in violate of O.C.G.A. § 40-6-390.

14.

Defendant Savage was also negligent by failing to exercise that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances in violation of O.C.G.A. § 51-1-2.

15.

As a direct and proximate result of Defendant Savage's negligence on July 21, 2021, Plaintiff Brady sustained serious and permanent physical and emotional injuries and damages. All of Plaintiff's damages will continued into the future.

16.

Defendant Savage's negligence on July 21, 2021, was the sole and proximate cause of Plaintiff's injuries and damages.

**COUNT I**
**(NEGLIGENCE)**

17.

Plaintiff Brady re-alleges and incorporates by reference the allegations and averments set forth in numbered Paragraphs 1 through 16 of Plaintiff's Complaint for Damages ("Complaint") as if fully set forth herein.

4

18.

On July 21, 2021, Plaintiff Savage was negligent in the following manner:

(a)     making an improper lane change;

(b)     failing to stay in his lane of travel;

(c)     driving too fast for conditions present in the immediate vicinity;

(d)     failing to keep a proper lookout for other vehicle traffic in his immediate vicinity;

(e)     driving recklessly with out without due regard for the safety of persons and property in the immediate vicinity; and

(f)     failing to exercise that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances.

19.

As a direct and proximate result of Defendant Savage's negligence on July 21, 2021, Plaintiff Brady sustained serious and permanent physical and emotional injuries and damages. All of Plaintiff's damages will continued into the future.

20.

Defendant Savage's negligence on July 21, 2021, was the sole and proximate cause of Plaintiff's injuries and damages.

21.

Defendant Savage is therefore liable to Plaintiff for Plaintiff's specific damages, including but not limited to medical expenses and lost wages, incurred as a result of injuries sustained in the July 21, 2021, collision in an amount to be determined by the evidence at the trial of this case.

22.

Defendant Savage is also liable to Plaintiff for Plaintiff's general damages, including but not limited to pain and suffering, incurred as a result of injuries sustained in the July 21, 2021, collision in an amount to be determined by the evidence at the trial of this case.

5

**COUNT II**
**(IMPUTED LIABILITY/RESPONDEAT SUPERIOR)**

23.

Plaintiff Brady re-alleges and incorporates by reference the allegations and averments set forth in numbered Paragraphs 1 through 22 of Plaintiff's Complaint as if fully set forth herein.

24.

At the time of the July 21, 2021, collision, Defendant Savage was under dispatch for DDR Solutions and/or Defendant 3 Star Transport.

25.

At the time of the July 21, 2021, collision, Defendant Savage was operating the 2016 Volvo semi-tractor trailer on behalf of DDR Solutions and/or Defendant 3 Star Transport.

26.

Defendant DDR Solutions and/or 3 Star Transport is an interstate and/or intrastate commercial motor vehicle carrier, and pursuant to federal and state law, is responsible for the actions of Defendant Savage in regard to the July 21, 2021, collision under the doctrine of lease liability, agency or apparent agency, or respondeat superior.

**COUNT III**
**(NEGLIGENT HIRING, TRAINING & SUPERVISION)**

27.

Plaintiff Brady re-alleges and incorporates by reference the allegations and averments set forth in numbered Paragraphs 1 through 26 of Plaintiff's Complaint as if fully set forth herein.

28.

Defendant DDR Solutions and/or 3 Star Transport were negligent in hiring Defendant Savage and entrusting him to drive the Volvo semi-tractor trailer.

29.

Defendant DDR Solutions and/or 3 Star Transport were negligent in failing to properly train

6

Defendant Savage to drive the Volvo semi-tractor trailer. semi-tractor trailer.

30.

Defendant DDR Solutions and/or 3 Star Transport were negligent in failing to supervise Defendant Savage with respect to the proper operation of the Volvo semi-tractor trailer.

31.

Defendant DDR Solutions and/or 3 Star Transport negligence in hiring Defendant Savage and entrusting him to drive a commercial vehicle and failing to properly train and supervise Defendant Savage with respect to the operation of the Volvo semi-tractor trailer was the sole and proximate cause of the July 27, 2021, collision and Plaintiff Brady's resulting injuries.

**COUNT IV**
**(<u>DIRECT ACTION</u>)**

32.

Plaintiff Brady re-alleges and incorporates by reference the allegations and averments set forth in numbered Paragraphs 1 through 31 of Plaintiff's Complaint as if fully set forth herein.

33.

Pursuant to O.C.G.A. §40-6-140, Defendant Berkley Casualty is subject to a direct action as the insurer of Defendants 3 Star Transport and/or DDR Solutions and Savage.

34.

Defendant Berkley Casualty was the insurer of Defendants 3 Star Transport and/or DDR Solutions and Savage at the time of the July 21, 2021, collision and had issued a liability policy to comply with the filing requirements of federal and state law for intestate travel.

35.

Defendant Berkley Casualty is responsible for any judgment rendered against Defendants 3 Star Transport and/or DDR Solutions and Savage up to the limits of its policy with Defendants.

7

## COUNT V
## (<u>DAMAGES</u>)

36.

Plaintiff Brady re-alleges and incorporates by reference the allegations and averments set forth in numbered Paragraphs 1 through 35 of Plaintiff's Complaint as if fully set forth herein.

37.

As a direct and proximate result of Defendant Savage's negligence on July 21, 2021, Plaintiff Brady suffered severe and permanent injuries, including but not limited to a flattening of the normal cervical lordosis, and disc herniations without spinal stenosis or cord contact at C3/4 and C4/5.

38.

Defendants Savage, DDR Solutions, 3 Star Transport and Berkley Casualty are therefore liable to Plaintiff Brady for Plaintiff's special damages, including but not limited to medical expenses and lost wages, past, present and future, in amounts to be proven by the evidence at trial but not less than $22,215.00 in medical bills.  Such damages continue to accrue and will be supplemented during the course of this action.

39.

Defendants Savage, DDR Solutions and Knights Specialty Insurance are further liable to Plaintiff Brady for Plaintiff's general damages, including but not limited to physical and mental pain and suffering, past, present and future, in an amount to be determined by the evidence at the trial of this case.

## COUNT VI
## (<u>PUNITIVE DAMAGES</u>)

40.

Plaintiff Brady re-alleges and incorporates by reference the allegations and averments set forth in numbered Paragraphs 1 through 39 of Plaintiff's Complaint as if fully set forth herein.

41.

Defendants Savage, DDR Solutions, 3 Star Transport, and Berkley Casualty's conduct with respect to July 21, 2021, collision that forms the basis for the instant action was reckless, willful and wanton, and evinced a conscious indifference to the consequences of their actions thereby entitling Plaintiff Brady to an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1

## COUNT VII
## (EXPENSES OF LITIGATION)

42.

Plaintiff Brady re-alleges and incorporates by reference the allegations and averments set forth in numbered Paragraphs 1 through 41 of Plaintiff's Complaint as if fully set forth herein.

43.

Plaintiff Brady is entitled to, and specifically requests, an award of the expenses of litigation, including but not limited to attorney's fees, in that the actions on the parts of Defendants Savage, DDR Solutions, 3 Star Transport and Berkley Casualty as described above, show that Defendants acted in bad faith with respect to the transactions and dealings surrounding the July 21, 2021, collision that forms the basis for the instant action and Defendants, and Defendants' agents, have failed to make any good faith effort to mitigate Plaintiff's damages incurred as a direct and proximate result of Defendants' negligence, and/or have been stubbornly litigious and/or have caused Plaintiff unnecessary trouble and expense thereby entitling Plaintiff to award of the expenses of litigation, including, but not limited to, reasonable attorney's fees as defined by O.C.G.A. § 13-6-11.

WHEREFORE, for the foregoing reasons, Plaintiff Taraneika Brady respectfully prays:

(a)     That process and summons issue and that Defendants Danny Andrea Savage, DDR Solutions, Inc., 3 Star Transport, Inc. and Berkley Casualty Company be served in accordance with Georgia law;

(b)     For trial by a jury of 12;

(c)     That judgment be entered against Defendants Danny Andrea Savage, DDR Solutions, Inc., 3 Star Transport, Inc. and Berkley Casualty Company in favor of Plaintiff Brady for Plaintiff's actual, special, general and compensatory damages in amounts to be determined by the evidence at trial;

(d)     That Plaintiff Brady receive an award of punitive damages in an amount to be determined the enlightened conscious of a fair and impartial jury;

(e)     That pursuant to O.C.G.A. § 13-6-11 Plaintiff Brady receive an award of the expenses of litigation, including but not limited to an award of reasonable attorney's fees, incurred as a result of Defendants' bad faith and/or stubborn litigiousness and/or casing Plaintiff unnecessary trouble and expense;

(f)     That all costs of this action be case upon Defendants Danny Andrea Savage, DDR Solutions, Inc., 3 Star Transport, Inc. and Berkley Casualty Company; and

(g)     Such other and further relief as the Court deems proper and just.

This  14th  day of June, 2022.

Respectfully submitted,

**WLG ATLANTA, LLC**


 */s/  PHILIP W. LORENZ*
PHILIP W. LORENZ
Georgia Bar No. 458001
J. MARTIN FUTRELL
Georgia Bar No. 450872

10

Bank of America Plaza
600 Peachtree St, NE, Suite 4010
Atlanta, GA 30308
(p)      470-881-8804
(f)      470-881-8819
(e)      Philip.Lorenz@witheritelaw.com

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-03273-S6
8/15/2022 12:59 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

TARANEIKA BRADY,

      Plaintiff,

v.

DANNY ANDREA SAVAGE, DDR
SOLUTIONS, INC., 3 STAR TRANSPORT,
INC. and BERKLEY CASUALTY
COMPANY,

      Defendants.

Civil Action File No: 22-C-03273-S6

## BERKLEY CASUALTY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Defendant Berkley Casualty Company ("Defendant"), a named Defendant in the above-styled civil action, and, by and through its undersigned counsel of record, files this Answer and Affirmative Defendants to Plaintiff's Complaint For Damages ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Pending further investigation and discovery, Plaintiff's Complaint fails to state or set forth claims against Defendant upon which relief may be granted.

### SECOND DEFENSE

Pending further investigation and discovery, Plaintiff's claims are barred, in whole or in part, the equitable doctrine of Laches.

### THIRD DEFENSE

Defendants Danny Andrea Savage ("Defendant Savage"), DDR Solutions, Inc. ("DDR") and/or 3 Star Transport, Inc. ("3 Star") breached no duty of care owed to Plaintiff.

**FOURTH DEFENSE**

Defendants Savage, DDR, and/or 3 Star did not violate any applicable laws, statutes, or regulations at the time of the subject collision; however, even if they did (which they did not), any such violation was unintentional and in the exercise of ordinary care.

**FIFTH DEFENSE**

Defendant Savage was not, and could not possibly have been, driving recklessly or with disregard for the safety of other persons or property at the time of the subject collision as the collision occurred as he was in the initial stages of making a right-hand turn from a dead-stop after the traffic signal changed from red to green.

**SIXTH DEFENSE**

Pending further investigation and discovery, Plaintiff was negligent in causing, in whole or in part, the subject collision due to Plaintiff's vehicle attempting to make and/or making a right-hand turn from the right shoulder (rather than from a lane designated for vehicle traffic) on the subject exit ramp, which improper conduct then caused Plaintiff's vehicle to turn into the trailer operated by Defendant Savage as he was making a lawful right-hand turn.

**SEVENTH DEFENSE**

Pending further investigation and discovery, Plaintiff was aware of, and understood and appreciated the dangers associated with, driving in a lane not designed for moving motor vehicle traffic and/or a turn lane; however, despite having such knowledge, she voluntarily exposed herself to such dangers, thereby precluding her from recovering anything from Defendants in this action.

**EIGHTH DEFENSE**

Pending further investigation and discovery, Plaintiff could have avoided the collision and some or all of her alleged injuries and damages by exercising ordinary care for her own safety prior to and/or at the time of the subject collision.

**NINTH DEFENSE**

While Defendants Savage, DDR, and/or 3 Star were not negligent, even if they were negligent (which they were not), the negligence of Plaintiff equaled or exceeded any negligence on the part of Defendants Savage, DDR, and/or 3 Star.

**TENTH DEFENSE**

While Defendants Savage, DDR, and/or 3 Star were not negligent, even if they were negligent (which they were not), any such alleged negligence was not the proximate cause the collision and/or Plaintiff's alleged injuries and damages.

**ELEVENTH DEFENSE**

Pending further investigation and discovery, Defendant Savage was not negligent in causing the subject collision as he was confronted with a sudden emergency that occurred when Plaintiff's vehicle, while improperly attempting a right turn from the right shoulder of the exit ramp, collided into the right side of the trailer Defendant Savage was operating as he was in the process of making a lawful right turn from the right turn lane. Defendant Savage, after being faced with this unexpected and sudden emergency, acted reasonably given the lack of time to fully comprehend and respond to the same.

## TWELFTH DEFENSE

Pending further investigation and discovery, Plaintiff's negligent hiring, training, retention, supervision, and entrustment claims asserted against Defendants DDR and 3 Star fail as a matter of law.

## THIRTEENTH DEFENSE

Any damages awarded to Plaintiff should be reduced proportionally based upon the negligence of Plaintiff, if any, and/or other unnamed responsible parties pursuant to O.C.G.A. § 51-12-33.

## FOURTEENTH DEFENSE

Plaintiff's medical expenses allegedly incurred as a result of the subject collision must be reduced to the extent that they exceed reasonable and customary amounts for the medical services and treatment provided.

## FIFTEENTH DEFENSE

Plaintiff's alleged medical expenses must be reduced to the extent that the expenses were incurred in connection with injuries or conditions that pre-date the subject collision and/or were not proximately caused or necessitated by the subject collision.

## SIXTEENTH DEFENSE

The conduct of Defendants was not willful, fraudulent, wanton, malicious, and/or oppressive, and did not amount to a conscious indifference to the consequences sufficient to support an award of punitive damages.

## SEVENTEENTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendants' right to procedural due process under the Fourteenth Amendment of the United States Constitution

and the Constitution of the State of Georgia, and therefore, fails to state a cause of action and set forth a claim upon which relief can be granted.

## EIGHTEENTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendants' right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and Article I, Section 1 of the Constitution of the State of Georgia and violates Defendants' right to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia.

## NINETEENTH DEFENSE

Plaintiff's claim for punitive damages is barred by the provisions of Article VI of the Constitution of the United States.

## TWENTIETH DEFENSE

Defendants have not acted in bad faith, have not been stubbornly litigious, and have not caused Plaintiff to incur unnecessary costs and/or expenses.

## TWENTY-FIRST DEFENSE

Pending further investigation and discovery, this Defendant reserves the right to assert all applicable affirmative defenses provided under the Georgia Civil Practice Act and applicable Georgia law.

## TWENTY-SECOND DEFENSE

This Defendant responds to the specific allegations contained in Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION & VENUE

1.

This Defendant lacks sufficient knowledge or information to form a belief as to truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

2.

This Defendant lacks sufficient knowledge or information to form a belief as to truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

3.

This Defendant lacks sufficient knowledge or information to form a belief as to truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

4.

In response to the allegations contained within Paragraph 4 of Plaintiff's Complaint, Defendant admits it is a foreign for-profit insurer organized and existing under the laws of the State of Iowa and further admits it does not maintain a Georgia registered. To the extent that further response is required, Denied as pled.

5.

This Defendant lacks sufficient knowledge or information to form a belief as to truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

## FACTUAL ALLEGATIONS

6.

This Defendant lacks sufficient personal knowledge or information to form a belief as to truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

7.

This Defendant lacks sufficient personal knowledge or information to form a belief as to truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

8.

This Defendant lacks sufficient personal knowledge or information to form a belief as to truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

9.

Upon information and belief, Defendant denies as pled the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant lacks sufficient personal knowledge or information to form a belief as to truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

11.

Upon information and belief, this Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Upon information and belief, this Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Upon information and belief, this Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Upon information and belief, this Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Upon information and belief, this Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Upon information and belief, this Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

## **COUNT I - NEGLIGENCE**

17.

This Defendant restates and incorporates, as if fully set forth herein, its responses to Paragraphs 1 through 16 of Plaintiff's Complaint.

18.

Upon information and belief, this Defendant denies the allegations contained within Paragraph 18 of Plaintiff's Complaint, including subparagraphs (a) through (f) contained therein.

19.

Upon information and belief, this Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Upon information and belief, this Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Upon information and belief, this Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Upon information and belief, this Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

## COUNT II
## IMPUTED LIABILITY/RESPONDEAT SUPERIOR

23.

This Defendant restates and incorporates, as if fully set forth herein, its responses to Paragraphs 1 through 22 of Plaintiff's Complaint.

24.

This Defendant lacks sufficient personal knowledge or information to form a belief as to truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

25.

This Defendant lacks sufficient personal knowledge or information to form a belief as to truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

26.

This Defendant denies as pled the allegations contained within Paragraph 26 of Plaintiff's Complaint.

## COUNT III
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

27.

This Defendant restates and incorporates, as if fully set forth herein, its responses to Paragraphs 1 through 26 of Plaintiff's Complaint.

28.

This Defendant lacks sufficient personal knowledge or information to form a belief as to truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

29.

This Defendant lacks sufficient personal knowledge or information to form a belief as to truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

30.

This Defendant lacks sufficient personal knowledge or information to form a belief as to truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint and, as a result, is unable to admit or deny the same.

31.

Upon information and belief, this Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

**COUNT IV**
**DIRECT ACTION**

32.

This Defendant restates and incorporates, as if fully set forth herein, its responses to Paragraphs 1 through 31 of Plaintiff's Complaint.

33.

This Defendant admits the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

This Defendant admits the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35.

This Defendant denies as pled allegations contained within Paragraph 35 of Plaintiff's Complaint.

**COUNT V**
**DAMAGES**

36.

This Defendant restates and incorporates, as if fully set forth herein, its responses to Paragraphs 1 through 35 of Plaintiff's Complaint.

37.

Upon information and belief, this Defendant denies the allegations contained within Paragraph 37 of Plaintiff's Complaint.

38.

Upon information and belief, this Defendant denies the allegations contained within Paragraph 38 of Plaintiff's Complaint.

39.

This Defendant denies the allegations contained within Paragraph 39 of Plaintiff's Complaint.

**COUNT VI**
**PUNITIVE DAMAGES**

40.

This Defendant restates and incorporates, as if fully set forth herein, its responses to Paragraphs 1 through 39 of Plaintiff's Complaint.

41.

This Defendant denies the allegations contained within Paragraph 41 of Plaintiff's Complaint, and specifically denies any liability to Plaintiff for punitive damages.

**COUNT VII**
**EXPENSES OF LITIGATION**

42.

This Defendant restates and incorporates, as if fully set forth herein, its responses to Paragraphs 1 through 41 of Plaintiff's Complaint.

43.

This Defendant denies the allegations contained within Paragraph 43 of Plaintiff's Complaint, and specifically denies any liability to Plaintiff.

44.

This Defendant denies each and every allegation not specifically admitted herein.

45.

This Defendant demands a trial by a jury of twelve (12) as to all issues set forth in Plaintiff's Compliant.

WHEREFORE, having specifically responded to Plaintiff's Complaint, this Defendant requests that said Complaint be dismissed, that judgment be entered in favor of Defendant, and that Defendant be discharged with all costs cast upon the Plaintiff.

Submitted this 15th day of August, 2022.

**MCANGUS GOUDELOCK & COURIE, LLC**

Post Office Box 57365
270 Peachtree Street, NW, Suite 1800
Atlanta, Georgia 30303
(678) 510-1526
Melody.kiella@mgclaw.com

/s/*Melody C. Kiella*
Melody C. Kiella
Georgia Bar No. 206275

*Attorneys for Defendants*

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

TARANEIKA BRADY,

      Plaintiff,

v.

DANNY ANDREA SAVAGE, DDR
SOLUTIONS, INC., 3 STAR TRANSPORT,
INC. and BERKLEY CASUALTY
COMPANY,

      Defendants.

Civil Action File No: 22-C-03273-S6

## **CERTIFICATE OF SERVICE**

      This is to certify that the undersigned has served a true and correct copy of the foregoing

document upon Plaintiff via electronic filing addressed as follows:

Philip W. Lorenz, Esq.
J. Martin Futrell, Esq.
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street, NE
Suite 4010
Atlanta, GA 30308

      This 15th day of August, 2022.

**MCANGUS GOUDELOCK & COURIE,
LLC**

Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 510-1526
Melody.kiella@mgclaw.com

/s/Melody C. Kiella
Melody C. Kiella
Georgia Bar No. 206275

*Attorneys for Defendants*

E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
22-C-03273-S6
8/15/2022 1:02 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

TARANEIKA BRADY,

      Plaintiff,

v.

DANNY ANDREA SAVAGE, DDR
SOLUTIONS, INC., 3 STAR TRANSPORT,
INC. and BERKLEY CASUALTY
COMPANY,

      Defendants.

Civil Action File No: 22-C-03273-S6

### DANNY ANDREA SAVAGE, DDR SOLUTIONS, INC., AND 3 STAR TRANSPORT, INC.'S SPECIAL APPEARANCE ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COME NOW Defendants Danny Andrea Savage ("Savage"), DDR Solutions, Inc. ("DDR") and 3 Star Transport, Inc. ("3 Star") (Savage, DDR, and 3 Star, collectively, "Defendants"), named Defendants in the above-styled civil action, and, by and through their undersigned counsel of record, file their Special Appearance Answer and Affirmative Defendants to Plaintiff's Complaint For Damages ("Complaint"), showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state or set forth claims against some or all of these Defendants upon which relief may be granted.

### SECOND DEFENSE

Plaintiff has not served and/or properly effectuated service of process on Defendants Savage, DDR, and/or 3 Star as required under Georgia law.

## THIRD DEFENSE

Defendants assert the affirmative defenses of insufficiency of service of process, insufficiency of process, and lack of jurisdiction due to Plaintiff's failure to effectuate service of process on these Defendants as required under Georgia law.

## FOURTH DEFENSE

Pending further investigation and discovery, Plaintiff's claims are barred, in whole or in part, the equitable doctrine of Laches.

## FIFTH DEFENSE

Defendants breached no duty of care owed to Plaintiff.

## SIXTH DEFENSE

Defendants did not violate any applicable laws, statutes, or regulations at the time of the subject collision; however, even if they did (which they did not), any such violation was unintentional and in the exercise of ordinary care.

## SEVENTH DEFENSE

Defendant Savage was not, and could not possibly have been, driving recklessly or with disregard for the safety of other persons or property at the time of the subject collision as the collision occurred as he was in the initial stages of making a right-hand turn from a dead-stop after the traffic signal changed from red to green.

## EIGHTH DEFENSE

Pending further investigation and discovery, Plaintiff was negligent in causing, in whole or in part, the subject collision due to Plaintiff's vehicle attempting to make and/or making a right-hand turn from the right shoulder (rather than from a lane designated for vehicle traffic) on the

subject exit ramp, which improper conduct then caused Plaintiff's vehicle to turn into the trailer operated by Defendant Savage as he was making a lawful right-hand turn.

## NINTH DEFENSE

Pending further investigation and discovery, Plaintiff was aware of, and understood and appreciated the dangers associated with, driving in a lane not designed for moving motor vehicle traffic and/or a turn lane; however, despite having such knowledge, she voluntarily exposed herself to such dangers, thereby precluding her from recovering anything from Defendants in this action.

## TENTH DEFENSE

Pending further investigation and discovery, Plaintiff could have avoided the collision and some or all of her alleged injuries and damages by exercising ordinary care for her own safety prior to and/or at the time of the subject collision.

## ELEVENTH DEFENSE

While Defendants specifically deny that they were negligent, even if they were negligent (which they were not), the negligence of Plaintiff equaled or exceeded any negligence on the part of Defendants.

## TWELFTH DEFENSE

While Defendants specifically deny they were negligent, even if they were negligent (which they were not), any such alleged negligence was not the proximate cause the collision and/or Plaintiff's alleged injuries and damages.

## THIRTEENTH DEFENSE

Pending further investigation and discovery, Defendant Savage was not negligent in causing the subject collision as he was confronted with a sudden emergency that occurred when Plaintiff's vehicle, while improperly attempting a right turn from the right shoulder of the exit

ramp, collided into the right side of the trailer Defendant Savage was operating as he was in the process of making a lawful right turn from the right turn lane. Defendant Savage, after being faced with this unexpected and sudden emergency, acted reasonably given the lack of time to fully comprehend and respond to the same.

## FOURTEENTH DEFENSE

Plaintiff's negligent hiring, training, retention, and/or supervision claims asserted against Defendant DDR fail as a matter of law as Defendant DDR did not hire, employ, train, or supervise Defendant Savage.

## FIFTEENTH DEFENSE

Defendant 3 Star was not negligent in hiring, training, supervising, and/or retaining Defendant Savage, and could not have been negligent in entrusting the tractor-trailer to Defendant Savage as it did not own the tractor-trailer during the relevant time period.

## SIXTEENTH DEFENSE

Any damages awarded to Plaintiff should be reduced proportionally based upon the negligence of Plaintiff, if any, and/or other unnamed responsible parties pursuant to O.C.G.A. § 51-12-33.

## SEVENTEENTH DEFENSE

Plaintiff's medical expenses allegedly incurred as a result of the subject collision must be reduced to the extent that they exceed reasonable and customary amounts for the medical services and treatment provided.

## EIGHTEENTH DEFENSE

Plaintiff's alleged medical expenses must be reduced to the extent that the expenses were incurred in connection with injuries or conditions that pre-date the subject collision and/or were not proximately caused or necessitated by the subject collision.

## NINETEENTH DEFENSE

The conduct of Defendants Savage, DDR and/or 3 Star was not willful, fraudulent, wanton, malicious, and/or oppressive, and did not amount to a conscious indifference to the consequences sufficient to support an award of punitive damages.

## TWENTIETH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendants' right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia, and therefore, fails to state a cause of action and set forth a claim upon which relief can be granted.

## TWENTY-FIRST DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive damages, violates Defendants' right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution, and Article I, Section 1 of the Constitution of the State of Georgia and violates Defendants' right to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia.

## TWENTY-SECOND DEFENSE

Plaintiff's claim for punitive damages is barred by the provisions of Article VI of the Constitution of the United States.

## TWENTY-THIRD DEFENSE

Defendants have not acted in bad faith, have not been stubbornly litigious, and have not caused Plaintiff to incur unnecessary costs and/or expenses.

## TWENTY-FOURTH DEFENSE

Pending further investigation and discovery, Defendants reserve the right to assert all applicable affirmative defenses provided under the Georgia Civil Practice Act and applicable Georgia law.

## TWENTY-FIFTH DEFENSE

Defendants respond to the specific allegations contained in Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION & VENUE

1.

In response to the allegations contained within Paragraph 1 of Plaintiff's Complaint, Defendants admit Defendant Savage is an individual resident of the State of Florida and further admit Defendant Savage may be served with process as outlined under applicable Georgia law, but Defendants deny Defendant Savage has been properly served with process as required under applicable Georgia law. To the extent that further response is required, Denied as pled.

2.

In response to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendants admit Defendant DDR is a foreign corporation organized and existing under the laws of the State of Illinois, admit Defendant DDR maintains its principal place of business at the address outlined in Paragraph 2 of Plaintiff's Complaint and further admit it may be served with process as outlined under applicable Georgia law through its registered agent, Dejan Rankovic, at the address listed in

Paragraph 2 of Plaintiff's Complaint, but Defendants deny Defendant DDR has been properly served with process as required under applicable Georgia law. To the extent that further response is required, Denied as pled.

3.

In response to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendants admit Defendant 3 Star is a foreign corporation organized and existing under the laws of the State of Illinois, admit Defendant 3 Star maintains its principal place of business at the address outlined in Paragraph 3 of Plaintiff's Complaint, and further admit Defendant 3 Star may be served with process as outlined under applicable Georgia law through its registered agent, Dejan Rankovic, at the address outlined in Paragraph 3 of Plaintiff's Complaint, but Defendants deny Defendant 3 Star has been properly served with process as required under applicable Georgia law. To the extent that further response is required, Denied as pled.

4.

Defendants lack sufficient knowledge or information to form a belief as to truth of the allegations contained within Paragraph 4 of Plaintiff's Complaint and, as a result, are unable to admit or deny same as Plaintiff.

5.

Upon information and belief, Defendants admit allegations contained within Paragraph 5 of Plaintiff's Complaint.

## **FACTUAL ALLEGATIONS**

### 6.

In response to the allegations contained within Paragraph 6 of Plaintiff's Complaint, Defendants admit Plaintiff reported to the responding officer that she was stopped on the subject exit ramp waiting to turn right, but Defendants deny Plaintiff was stopped at the bottom of such exit ramp in a lane marked and/or intended for moving or turning motor vehicle traffic. To the extent that further response is required, Denied as pled.

### 7.

In response to the allegations contained within Paragraph 7 of Plaintiff's Complaint, Defendants admit Defendant Savage was stopped at the bottom of the subject exit ramp and was waiting in the right-hand turn lane for the light to turn green so that he could make a right turn off of the exit ramp and further admit Defendant Savage was operating a tractor-trailer owned by Defendant DDR at such time. To the extent that further response is required, Denied as pled.

### 8.

In response to the allegations contained within Paragraph 8 of Plaintiff's Complaint, Defendants admit Defendant Savage was in the process of making a right turn from the right turn lane on the subject exit ramp after the traffic light turned green and further admit the front left bumper of Plaintiff's vehicle made contact with the right side of the trailer operated by Defendant Savage was he was attempting to complete such turn, but Defendants deny Plaintiff was lawfully traveling in a turn-lane when the subject collision occurred as she was traveling in or near the right-hand shoulder of the exit ramp at the same time Defendant Savage was attempting to complete his turn. To the extent that further response is required, Denied as pled.

9.

Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint, and specifically deny Defendant Savage turned too sharply prior to or at the time of the subject collision, deny Defendant Savage entered into Plaintiff's lane of travel and/or into any lane Plaintiff was permitted to be traveling while attempting to make a right-hand turn off of the exit ramp, and further deny any act or omission on the part of Defendant Savage caused the collision and/or Plaintiff's alleged injuries and damages.

10.

In response to the allegations contained within Paragraph 10 of Plaintiff's Complaint, Defendants admit 911 was called following the collision and further admit Suwanee Police Department responded in connection with the same. To the extent that further response is required, Denied as pled.

11.

Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint, and specifically deny Defendant Savage made an improper turn, deny Defendant Savage was driving too fast for conditions or at a speed that was greater than reasonable under the circumstances, deny Defendant Savage was negligent and/or negligent per se in causing the subject collision, deny Defendant Savage violated O.C.G.A. § 40-6-180 or any other applicable law or statute, deny Defendant Savage exhibited a lack of regard for the actual or potential hazards existing at the time of the subject collision, and further deny any act or omission on the part of Defendant Savage caused the subject collision.

12.

Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, and specifically deny Defendant Savage was negligent and/or negligent per se in causing the subject collision, deny Defendant Savage failed to exercise ordinary care in operating the tractor-trailer on the date of the subject collision, deny Defendant Savage was negligent in failing to pay proper attention to the roadway and traffic ahead of him, deny Defendant Savage violated O.C.G.A. § 40-6-241 or any other applicable law or statute, and further deny any act or omission on the part of Defendant Savage caused the subject collision.

13.

Defendants deny the allegations contained within Paragraph 13 of Plaintiff's Complaint, and specifically deny Defendant Savage was negligent and/or negligent per se in causing the subject collision, deny Defendant Savage was driving recklessly and/or without due regard for the safety of others at the time of the subject collision, deny Defendant Savage violated O.C.G.A. § 40-6-241 or any other applicable law or statute, and further deny any act or omission on the part of Defendant Savage caused the subject collision.

14.

Defendants deny the allegations contained within Paragraph 14 of Plaintiff's Complaint, and specifically deny Defendant Savage was negligent and/or negligent per se in causing the subject collision, deny Defendant Savage was negligent in failing to exercise ordinary care in the operation of the tractor-trailer at the time of the subject collision, deny Defendant Savage violated O.C.G.A. § 51-1-2 or any other applicable law or statute, and further deny any act or omission on the part of Defendant Savage caused the subject collision.

15.

Defendants deny the allegations contained within Paragraph 15 of Plaintiff's Complaint, and specifically deny Defendant Savage was negligent, negligent per se, and/or reckless in causing the subject collision, deny any act or omission on the part of Defendant Savage caused the subject collision and/or Plaintiff's past, present, or future injuries and/or damages, and further deny any liability to Plaintiff.

16.

Defendants deny the allegations contained within Paragraph 16 of Plaintiff's Complaint, and specifically deny any act or omission on the part of Defendant Savage caused the subject collision and/or Plaintiff's past, present, or future injuries and/or damages and further deny any liability to Plaintiff.

## **COUNT I - NEGLIGENCE**

17.

Defendants restate and incorporate, as if fully set forth herein, their responses to Paragraphs 1 through 16 of Plaintiff's Complaint.

18.

Defendants deny the allegations contained within Paragraph 18 of Plaintiff's Complaint, including subparagraphs (a) through (f) contained therein, and specifically deny Defendant Savage was negligent and/or negligent per se in causing the subject collision, deny Defendant Savage was negligent in making an improper turn, deny Defendant Savage was negligent in driving too fast for conditions, deny Defendant Savage was negligent in failing to stay in his lane of travel, keep a proper lookout, and/or exercise ordinary care while operating the tractor-trailer, deny Defendant Savage was driving recklessly at the time of the subject collision, and further deny any act or omission on the part of Defendant Savage caused the subject collision.

19.

Defendants deny the allegations contained within Paragraph 19 of Plaintiff's Complaint, and specifically deny any act or omission on the part of Defendant Savage caused the subject collision and/or Plaintiff's past, present, or future injuries and/or damages and further deny any liability to Plaintiff.

20.

Defendants deny the allegations contained within Paragraph 20 of Plaintiff's Complaint, and specifically deny any act or omission on the part of Defendant Savage caused the subject collision and/or Plaintiff's past, present, or future injuries and/or damages and further deny any liability to Plaintiff.

21.

Defendants deny the allegations contained within Paragraph 21 of Plaintiff's Complaint, and specifically deny any act or omission on the part of Defendant Savage caused the subject collision, Plaintiff's past, present, or future alleged injuries, and/or Plaintiff's past, present or future alleged damages, including but not limited to medical expenses or lost wages, and further deny any liability to Plaintiff.

22.

Defendants deny the allegations contained within Paragraph 22 of Plaintiff's Complaint, and specifically deny any act or omission on the part of Defendant Savage caused the subject collision, Plaintiff's past, present, or future alleged injuries or pain and suffering, and/or Plaintiff's past, present or future alleged damages and further deny any liability to Plaintiff.

## COUNT II
## IMPUTED LIABILITY/RESPONDEAT SUPERIOR

23.

Defendants restate and incorporate, as if fully set forth herein, their responses to Paragraphs 1 through 22 of Plaintiff's Complaint.

24.

In response to the allegations contained within Paragraph 24 of Plaintiff's Complaint, Defendants admit Defendant Savage was acting in the course and scope of his agency/employment with Defendant 3 Star at the time of the subject collision, but Defendants deny Defendant Savage was acting in the course and scope of any agency or employment relationship with Defendant DDR at such time. To the extent that further response is required, Denied as pled.

25.

In response to the allegations contained within Paragraph 25 of Plaintiff's Complaint, Defendants admit Defendant Savage was acting on behalf of Defendant 3 Star at the time of the subject collision, but Defendants deny Defendant Savage was acting on behalf of Defendant DDR at such time. To the extent that further response is required, Denied as pled.

26.

Defendants deny as pled the allegations contained within Paragraph 26 of Plaintiff's Complaint, and specifically deny any liability to Plaintiff.

## COUNT III
## NEGLIGENT HIRING, TRAINING AND SUPERVISION

27.

Defendants restate and incorporate, as if fully set forth herein, their responses to Paragraphs 1 through 26 of Plaintiff's Complaint.

28.

Defendants deny the allegations contained within Paragraph 28 of Plaintiff's Complaint, and specifically deny Defendant DDR hired or employed Defendant Savage such that it may be liable for negligently hiring Defendant Savage, deny Defendant 3 Star was negligent in hiring Defendant Savage, deny Defendant 3 Star entrusted the subject tractor-trailer to Defendant Savage such that it may be liable for the same, and further deny Defendant DDR was negligent in entrusting the tractor-trailer to Defendant Savage.

29.

Defendants deny the allegations contained within Paragraph 29 of Plaintiff's Complaint.

30.

Defendants deny the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.

Defendants deny the allegations contained within Paragraph 31 of Plaintiff's Complaint, and specifically deny Defendants 3 Star and/or DDR were negligent in hiring, training, retaining, supervising, and/or entrusting the tractor-trailer to Defendant Savage, deny any act or omission on the part of Defendant 3 Star and/or Defendant DDR caused the subject collision and/or Plaintiff's alleged injuries and damages, and further deny any liability to Plaintiff.

## COUNT IV
## DIRECT ACTION

32.

Defendants restate and incorporate, as if fully set forth herein, their responses to Paragraphs 1 through 31 of Plaintiff's Complaint.

33.

Defendants admit the allegations contained within Paragraph 33 of Plaintiff's Complaint.

34.

Defendants admit the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35.

Defendants deny as pled allegations contained within Paragraph 35 of Plaintiff's Complaint.

**COUNT V**
**DAMAGES**

36.

Defendants restate and incorporate, as if fully set forth herein, their responses to Paragraphs 1 through 35 of Plaintiff's Complaint.

37.

Defendants deny the allegations contained within Paragraph 37 of Plaintiff's Complaint, and specifically deny Defendant Savage was negligent, deny any act or omission on the part of Defendant Savage caused the subject collision and/or Plaintiff's alleged injuries and damages, and further deny any liability to Plaintiff.

38.

Defendants deny the allegations contained within Paragraph 38 of Plaintiff's Complaint, and specifically deny any liability to Plaintiff.

39.

Defendants deny the allegations contained within Paragraph 39 of Plaintiff's Complaint, and specifically deny any liability to Plaintiff and further deny they were insured by Knights Specialty Insurance during the relevant time period.

## COUNT VI
## PUNITIVE DAMAGES

### 40.

Defendants restate and incorporate, as if fully set forth herein, their responses to Paragraphs 1 through 39 of Plaintiff's Complaint.

### 41.

Defendants deny the allegations contained within Paragraph 41 of Plaintiff's Complaint, and specifically deny they acted recklessly, willfully, wantonly, or with an entire want of care sufficient to raise the presumption of conscious indifference to the consequences and further deny any liability to Plaintiff for punitive damages.

## COUNT VII
## EXPENSES OF LITIGATION

### 42.

Defendants restate and incorporate, as if fully set forth herein, their responses to Paragraphs 1 through 41 of Plaintiff's Complaint.

### 43.

Defendants deny the allegations contained within Paragraph 43 of Plaintiff's Complaint, and specifically deny they acted in bad faith, deny they were stubbornly litigious, deny they caused Plaintiff unnecessary trouble and expense, and further deny any liability for Plaintiff's attorneys fees and expenses pursuant to O.C.G.A. § 13-6-11.

### 44.

Defendants deny each and every allegation not specifically admitted herein.

45.

Defendants demand a trial by a jury of six (6) as to all issues set forth in Plaintiff's Compliant.

WHEREFORE, having specifically responded to Plaintiff's Complaint, Defendants request that said Complaint be dismissed, that judgment be entered in favor of Defendants, and that Defendants be discharged with all costs cast upon the Plaintiff.

Submitted this 15th day of August, 2022.

**MCANGUS GOUDELOCK & COURIE, LLC**

Post Office Box 57365                        */s/Melody C. Kiella*
270 Peachtree Street, NW, Suite 1800 (30303)    Melody C. Kiella
Atlanta, Georgia 30343                       Georgia Bar No. 206275
(678) 510-1526
Melody.kiella@mgclaw.com

*Attorneys for Defendants*

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

TARANEIKA BRADY,

     Plaintiff,

v.

DANNY ANDREA SAVAGE, DDR
SOLUTIONS, INC., 3 STAR TRANSPORT,
INC. and BERKLEY CASUALTY
COMPANY,

     Defendants.

Civil Action File No: 22-C-03273-S6

## **CERTIFICATE OF SERVICE**

     This is to certify that the undersigned has served a true and correct copy of the foregoing

document upon Plaintiff via electronic filing addressed as follows:

Philip W. Lorenz, Esq.
J. Martin Futrell, Esq.
WLG Atlanta, LLC
Bank of America Plaza
600 Peachtree Street, NE
Suite 4010
Atlanta, GA 30308

     This 15th day of August, 2022.

**MCANGUS GOUDELOCK & COURIE,
LLC**

Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 510-1526
Melody.kiella@mgclaw.com

/s/Melody C. Kiella
Melody C. Kiella
Georgia Bar No. 206275

*Attorneys for Defendants*